HENRY CAMP, Respondent, v. WILLARD WOOD, Appellant.

In an action to recover damages for injuries sustained by plaintiff, in consequence of falling from a piazza or wooden awning in front of defendant's inn, plaintiff's evidence tended to show that in the third story of the inn was a hall, which was let by defendant for public purposes; it was reached by two flights of steps, one directly over the other; the entrance from the street was by a door opposite the foot of the lower flight of stairs; a door in the second story, which occupied the same relative position to the upper stairs, opened upon the awning. Defendant let the hall for a dance, to which all who applied were admitted on payment of the entrance fee. Plaintiff paid the fee and was admitted. When he left to go home, after passing down the upper flight of stairs, he went out of the door opening on the awning, supposing it was the street door, walked off from the awning, to which there was no railing or guard, fell to the ground and was injured. The night was dark, and the door was open when plaintiff came from the hall. Defendant understood the danger of leaving the door open. Defendant's evidence tended to show that plaintiff was somewhat under the influence of liquor. *Held*, that by letting his hall for public purposes, defendant held out to the public that it was safe; and he was bound to exercise proper care in providing safe arrangements for entrance and departure to those invited to the hall; and that the question whether there was a breach of this duty, and also the question whether plaintiff was in such a state of intoxication that it contributed to the injury, were properly submitted to the jury.

(Argued December 20, 1878; decided January 21, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, in favor of plaintiff, entered upon an order affirming an order denying a motion for a new trial and directing a judgment on a verdict.

This action was brought to recover damages for injuries alleged to have been occasioned by defendant's negligence.

The facts appear sufficiently in the opinion.

*F. C. Peck*, for appellant. Defendant owed no duty to plaintiff which obliged him to care for and protect him while in the house. (*Nicholson* v. *Erie R. Co.*, 41 N. Y., 525; *Southcote* v. *Stanley*, 1 H. & N., 246; *Lester* v. *Lantz*,

Sup. Ct. of Buffalo, Oct., 1876; *Matze* v. *N. Y. C. and H. R. R. Co.*, 1 Hun, 419; *Hune* v. *Smith*, 97 Eng. Com. L., 731; *Bolch* v. *Smith*, 7 Hurls. & N., 732; *Gautret* v. *Edgerson*, 2 R. C. P., 370; *Inderman* v. *Daws*, id., 311; *Smith* v. *Dock Co.*, 3 id., 326; *Chapman* v. *Rothwell*, 96 Eng. C. L., 163; *Van Cubeck* v. *Henry*, 34 N. J. L., 467; *Sweeney* v. *Old Col. and N. R. R. Co.*, 11 Allen, 368; *Loebisch* v. *Tarbell*, 10 id., 385; *Murray* v. *McLean*, 57 Ill., 378; *Pierce* v *Whitcomb*, 48 Vt., 127.) Even if defendant was bound to care for and protect plaintiff, the negligence of the latter having contributed to the injury, he should have been nonsuited. (*Wilds* v. *H. R. R. Co.*, 24 N. Y., 430; *Johnson* v. *H. R. R. Co.*, 20 id., 65; *Weld* v. *H. R. R. Co.*, 24 id., 430; *Johnson* v. *H. R. R. Co.*, 20 id., 65; *Ewart* v. *H. R. R. Co.*, 24 How., 97; *Balt. and Potomac R. R. Co.* v. *James*, N. Y. W'kly Dig., Jan. 14, 1878.)

*Geo. M. Osgoodby*, for respondent. The question of contributory negligence was one of fact, and was solely for the jury. (*Baxter* v. *Sec. Av. R. R.*, 3 Robt., 219; *Dunn* v. *Sec. Av. R. R.*, 2 Daly, 127; *Burton* v. *N. Y. C. R. R.*, and *Freeman* v. *N. Y. C. R. R.*, Ct. of App., not reported; *Belton* v. *Baxter*, 58 N. Y., 411; *Johns* v. *H. R. R. Co.*, 20 id., 73; *Coulter* v. *Am. Merch. Un. Ex. Co.*, 5 Lans., 68; *Thurber* v. *H. B. M. and T. R. R. Co.*, 60 N. Y., 330; *Bernhard* v. *R. and S. R. R. Co.*, 1 Aff. Ct. App. Dec., 131; *Weber* v. *N. Y. C. and H. R. R.*, 58 N. Y., 451; *Lamb* v. *Atlantic Works*, 11 Mass., 136; *Hackford* v. *N. Y. C. and H. R. R. R.*, 53 N. Y., 654; *Davis* v. *N. Y. C. and H. R. R. R.*, 53 id., 654; *Reynolds* v. *N. Y. C. and H. R. R. R.*, 58 id., 248; *Gorton* v. *Erie R. Co.*, 45 id., 660; *Haycroft* v. *Lake Shore and Mich. S. R. Co.*, 64 id., 637.) There being evidence that plaintiff was intoxicated at the time of the accident, it was for the jury to determine whether the intoxication contributed to the injury; if it did not, this evidence was of no importance. (*Ditchett* v. *Spuyten Duyvil R. R. Co.*, 5 Hun, 166, 167; *Maginnis* v. *N. Y. C.*

and *H. R. R. R.*, 52 N. Y., 215; *Hackford* v. *N. Y. C. and H. R. R. R.*, 53 id., 654; *Laning* v. *N. Y. C. and H. R. R. R.*, 49 id., 521; *Healy* v. *Mayor*, 3 Hun, 718; *Alger* v. *Lowell*, 3 Allen, 402; *Robinson* v. *Piochre*, 5 Cal., 460; 32 Barb., 144; *Dygert* v. *Schenck*, 28 Wend., 445; 4 Hun, 424; Sherman & Redfield, 28–50, §§ 359–606.) A presumption of negligence is sufficient, when it is shown that defects exist which have caused an injury. (*Worster* v. *Forty-Second St. R. R. Co.*, 50 N. Y., 205.)

ANDREWS, J. The plaintiff brings this action to recover damages for a personal injury sustained by his falling from a piazza or wooden awning, erected on the west side of the defendant's house. The awning was constructed by laying a floor of boards upon timbers supported by irons anchored in the wall of the building and braced. It was six feet wide and twelve feet above the sidewalk, and a door at the front of the hall in the second story of the house opened upon it. The defendant kept an inn on the premises, and in the third story of the inn was a hall, which he let for public purposes. The hall was reached by two flights of stairs from the street, one directly above the other. The entrance from the street was by a door opening into a hall-way opposite the foot of the stairs; and the door and stairway in the second story occupied the same relative position to each other as the door and stairway below.

The defendant had let the hall, on the evening when the plaintiff was injured, for a dance, to which all persons who applied were admitted, on payment of an entrance fee. The plaintiff went to the hall, paid the entrance fee, and was admitted, and about eleven o'clock in the evening left the hall to go home, and after passing down the first flight of stairs,—supposing that the door opening on to the awning was the street door,—stepped out of that door and walked southerly along the side of the house upon the awning, for the distance of about forty feet, until he reached the end, and was precipitated to the ground, and received the injury in

question.   The night was dark, and there was no guard or railing to the awning.   The plaintiff had drank liquor several times before going to the hall, and the extent of his intoxication was a subject of controversy on the trial.

The question whether the door in the second story was left open during the evening, was also the subject of controversy. The defendant sought to establish, by proof of declarations made by the plaintiff after the accident, that the door was locked when he came down stairs, and that he unlocked and opened it when he went out.   The plaintiff denied having made the declarations testified to by the defendant's witnesses, and he testified that the door was open when he came from the hall.   In this he is corroborated by several witnesses.   The facts proved justified the jury in finding that it was dangerous to leave the door open, and that persons not familiar with the premises might, in the night time, without being chargeable with negligence, mistake this door for the street door, and go on to the awning, under the impression that they were going on to the sidewalk.   Two other persons, on the same evening, who were perfectly sober, went out upon the awning, under this mistake, although they discovered the situation in time to avoid injury.   One of these persons, who left the hall earlier than the plaintiff, testified that he discovered his mistake by hearing noise below him and the voices of people walking in the street.   The evidence also shows that the defendant understood the danger of allowing the door to be open, when there was a meeting in the hall. He early in the same evening expressed to a witness the apprehension that some one would be injured there ; and he testifies that in consequence of this, he locked the door. If he did lock it at this time, it is quite satisfactorily established that it was soon opened again, and that it remained open most of the evening, and that this was or might have been known to the defendant.

It is insisted that he owed no duty to the plaintiff which imposed upon him any obligation to make the premises safe, and to see, so far as he reasonably could,

that the door was kept closed, so as to prevent accidents. This claim cannot, we think, be maintained. He let the premises for hire, and it is admitted by the pleadings that the public were invited to the hall, with his consent and knowledge, whenever it was let for a public purpose. The plaintiff was rightfully there, upon the invitation of the managers of the entertainment implied from the public character of the assembly, their accepting the entrance fee paid, and his admission to the hall. It is not the case of the owner of premises, who gives a bare license or permission to another to enter. The licensee who enters under such a license takes the risk of the ordinary dangers resulting from the faulty construction or arrangement of the pemises. In this case, the defendant, by letting the hall for public purposes, held out to the public that the hall was safe, and he was bound to exercise care to provide safe arrangements for the entrance and departure of people, who came there upon his invitation.

The question whether there was a breach of this duty was, upon the evidence, properly submitted to the jury. The question of the plaintiff's negligence was, we think, a question for the jury also. The fact that he had been drinking, and was, to some extent, affected thereby, was admitted. But the extent of his intoxication, and whether it contributed to his injury, was a matter upon the evidence to be determined by the jury. It was a very important consideration bearing upon the point of contributory negligence, and it is quite probable that the jury did not give a sufficiently favorable construction to the evidence upon this question, in favor of the defendant. But this court does not sit to correct the mistakes of juries in weighing evidence. That duty devolves upon the General Term. It is our province to review questions of law, and where there is evidence to support a verdict, we cannot reverse it because we think the jury, upon a controverted question, came to a wrong conclusion.

The judgment should be affirmed.

All concur, except RAPALLO, J., not voting.

Judgment affirmed.