GEORGE H. CONVERSE, BY GUARDIAN, RESPONDENT, *v.* ARTEMUS B. WALKER, APPELLANT.

*Negligence — liability of a landlord to strangers, whom he has allowed to come upon his premises.*

The defendant was the owner of certain grounds, upon which there was a building used and occupied by him as a public hotel. In front of the hotel was a piazza on a level with the main floor, about seven feet from the ground, about forty feet long and sixteen feet wide, underneath which was a billiard room used in connection with the hotel, the entrance to it being on a level with the ground. The piazza was supported by posts, one of which had been removed about a year before the accident, to improve the billiard room. Adjacent to the defendant's grounds were situated another hotel, and the grounds of the Pioneer Association. In August, 1878, there was a public meeting and celebration on the grounds of the association, which was attended by large numbers of people. A large number of guests were on that day entertained by the defendant. In the afternoon a sudden and severe storm of wind and rain arose, which drove from the grounds adjoining the house a large number of people who were gathered there, many of whom, including the plaintiff, were not defendant's guests. A number of them gathered in the defendant's hotel and upon the piazza, occupying two-thirds of the standing room thereon. The floor of the piazza fell in consequence of this great weight, and injured the plaintiff who, with his mother, had sought refuge in the billiard room, beneath it. As soon as the crowd came into the building the defendant and his servants did all that could reasonably be done to preserve order among the people and to notify them of the danger to which they were exposed by their own action. In an action to recover damages for the injury so sustained by the plaintiff·

*Held,* that a nonsuit should have been ordered, upon the ground that no actionable negligence upon the part of the defendant was shown.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order of the Wyoming Special Term denying a motion for new trial, made upon a case and exceptions.

The action was founded upon the alleged negligence of the defendant. The complaint alleges that in August, 1878, the defendant was the owner of certain grounds upon which there was a building used and occupied by him as a public hotel, a place of public resort; that there was connected with such building and used as a part thereof, a piazza, underneath which there was a room also used as a

part of the hotel building, both of which were used by the guests and visitors of such hotel; that such piazza was negligently and carelessly constructed, inasmuch as there was not furnished and provided the necessary props or supports underneath the same, and inasmuch, also, as certain props or supports of the same had been before removed by or under the direction of the defendant, and that the defendant, well knowing the premises, and while in the occupancy of said building did negligently and wrongfully leave the said piazza unprotected and unsupported, and did wrongfully and negligently suffer a great number of persons to go on said piazza by means whereof the said piazza gave way and fell upon the plaintiff, who was lawfully in said building, and by permission and request of said defendant and while in pursuit of the plaintiff's own business, that by reason of the premises, the defendant was greatly hurt and injured in one of his arms.

*I. Sam Johnson*, for the appellant.

*F. C. Peck*, for the respondent.

BARKER, J.:

The facts of the case upon which the plaintiff seeks to uphold the verdict are undisputed. Briefly stated they are these: the defendant was the proprietor of a hotel at Hemlock Lake, located upon a piece of uninclosed land of which he was also the occupant, the same being used in connection with the hotel. The main part of the building was surrounded by a covered piazza, one section thereof being about forty feet in length and sixteen in width, the floor of which is on a level with the floor of the main part of the hotel, and is reached through doors opening out from this floor on to the veranda. The floor of the piazza is seven feet from the ground, and beneath it there is a billiard room used in connection with the hotel and as a part thereof, the entrance to which is on a grade with the grounds and walks which surround the building. Near by there is another hotel. It does not, however, appear from the evidence that there are other accommodations for the public at this place. Adjacent to the defendant's hotel grounds are the grounds of the Pioneer Association, between which and the hotel grounds there is no fence or other object indicating the division line.

The day the plaintiff was injured there was a public meeting and celebration on the grounds of the Pioneer Association, the attendance being unusually large, amounting as estimated by some of the witnesses to from twelve to fifteen thousand people. The defendant's hotel was open and a large number of guests were entertained by the defendant. The place of interest on the Pioneer grounds, and around which the people in attendance mostly gathered, was some ten or twelve rods from the defendant's hotel. Upon the grounds surrounding the hotel many people not guests at the hotel served their own refreshments without any objection being made by the defendant. In the afternoon there came a sudden and severe storm of wind and rain which broke up the meeting and dispersed the people who had assembled on the Pioneer grounds, many of them seeking shelter in the defendant's hotel. The plaintiff, a lad thirteen years old, in company with his father and mother, was on the Pioneer grounds when the storm came on and he, in company with his parents, went to the door of the billiard room under the piazza, and he and his mother passed into the billiard room out of the storm, his father remaining outside. The piazza over this room was resorted to by a large number of people from the Pioneer grounds, two-thirds of the standing room being thus occupied, and in consequence of the weight thereon the floor fell and injured the plaintiff, who was in the billiard room below. The first floor of the hotel was also filled with people, all of whom came in within the space of five minutes. Most of the people on the piazza were not guests of the hotel and went there seeking shelter from the storm. About a year before the accident one of the props or supports under the middle of the veranda floor was removed for the more convenient use of the billiard room, and the proofs tended to show that in consequence of such removal the strength of the piazza was weakened, and that it was more likely to give way when in use. Neither the plaintiff nor his parents were guests at the hotel that day, and they went into the billiard room to be out of the storm and for no other purpose.

At the close of the plaintiff's proofs the defendant moved for a nonsuit, which was denied and the defendant excepted. At the close of all the proofs the learned judge charged the jury in substance: that, under the circumstances of the case, the law

required from the defendant the exercise of a reasonable and proper care, for the purpose of protecting the people, who availed themselves of the permission and license extended to them by the defendant, against the risk of accident, and that he should use ordinary diligence and care to avoid such consequences as happened to the plaintiff. That the important inquiry was, whether the defendant was shown to be negligent, whether there was any want of care or skill on his part, in consequence of which this injury was produced. In other words, whether he should, in view of the extensive invitations circulated at that time, have prepared his building in such manner that it would be free from calamities of this nature; whether reasonable and proper care devoted to the structure, required something more than had been done by him, in order to protect the persons who might visit this house against consequences such as happened to the plaintiff.

On the subject of the removing of the posts or support, and the effect the removal may have had upon the strength of the piazza, the charge was, viz. : "It is claimed on the part of the plaintiff, and whether the position is well taken or not is a matter for you to determine, that it did contribute to the strength of the structure at that place; and that if the post had not been removed from its place without substituting for it some support, the accident would not have happened. That there was that omission of care and want of skill as justly and properly involved him in negligence. That is a question for you to determine, and these questions are to be determined, if they are found for the plaintiff, not by guessing or conjecture, but as satisfactorily established by the evidence, so that conviction forces the conclusion on your minds as a fair and proper and legitimate deduction, and the charge is made out against the party as alleged as the same must be in order to constitute a legal liability."

As the plaintiff was not a guest at the defendant's hotel, and did not enter the same expecting to become one or to transact business with the defendant or with any of the guests of the house, I am unable to discover that the defendant was guilty of any breach of duty which he owed to the plaintiff.

He entered the hotel building for his own comfort and convenience, without any special invitation or inducement extended or held out to him on this occasion. It may well be assumed,

however, in view of the character of the business carried on by defendant, that he extended to the public a general invitation to visit his hotel and the pleasure grounds surrounding the same, for their own comfort and convenience, to be used and enjoyed to the extent and in the way and manner such as is usual for visitors who are not guests of the house, and who have no business to transact with persons lawfully on the premises.

This is the most liberal view that can be taken of the case in the plaintiff's behalf. This would place the defendant under the same obligations towards those who accepted his invitations, to care for and protect them from danger, as any host is who entertains invited guests without compensation. In order to maintain an action for an injury to person or property by reason of negligence or want of due care, there must be shown to exist some obligation or duty towards the plaintiff, which the defendant has left undischarged or unfulfilled. This is the basis on which the cause of action rests. There can be no fault or negligence, or breach of duty, where there is no act, or service, or contract which a party is bound to perform or fulfill. All the cases in the books in which a party is sought to be charged on the ground that he has caused the way or other place to be incumbered, or suffered it to be in a dangerous condition, whereby accident or injury has been occasioned to another, turn on the principle that negligence consists in doing or omitting to do an act by which a legal duty or obligation has been violated. Thus, a trespasser who goes on the land of another without right cannot maintain an action if he runs against a barrier or falls into an excavation there situated. The owner of the land is not bound to protect or provide safeguards for wrong doers. So a licensee who enters on premises by permission only without any enticement, allurement or inducement being held out to him by the owner or occupant, cannot recover damages for injuries caused by obstructions or pitfalls. He goes there at his own risk and enjoys the license subject to its concomitant perils. No duty is imposed by law on the owner or occupant to keep his premises in a suitable condition for those who go there solely for their own convenience or pleasure, and who are not either expressly invited to enter or induced to come upon the grounds for the purpose for which the premises are appropriated and occupied, by

some preparation or adaptation of the place for use by customers or passengers which might naturally and reasonably lead them to suppose that they might properly and safely enter thereon. (*Sweeny* v. *Old Colony and Newport Railroad Co.*, 10 Allen, 368; *Nicholson* v: *Erie Railway Co.*, 41 N. Y., 525.)

In the first of these cases the rule is stated as follows : " The general rule or principle applicable to this class of cases is, that an owner or occupant is bound to keep his premises in a safe and suitable condition for those who come upon and pass over them, using due care if he has held out any invitation, allurement or inducement, either express or implied, by which they have been led to enter thereon. A mere naked license or permission to enter or pass over an estate will not create a duty or impose an obligation on the part of the owner or person in possession, to provide against the danger of accident. The gist of the liability consists in the fact that the person injured did not act merely for his own convenience and pleasure, and from motives to which no act or sign of the owner or occupant contributed, but that he entered the premises because he was led to believe that they were intended to be used by visitors or passengers, and that such use was not only acquiesced in by the owner or person in possession and control of the premises, but that it was in accordance with the intention and design with which the way or place was adapted and prepared or allowed to be so used: The true distinction is this : A mere passive acquiescence by an owner or occupier in a certain use of his land by others involves no liability ; but if he either directly or by implication induces persons to enter on and pass over his premises, he thereby assumes an obligation that they are in a safe condition, suitable for such use, and for a breach of this obligation he is liable in damages to a person injured thereby."

It is not easy to state the limit of the privileges which were included in the implied invitation. So much as was intended by the defendant was to the public generally, and not to any person or class of persons specially. Those who sought refuge in the defendant's hotel on this occasion, must be regarded as having accepted the invitation in the face of the obvious perils and dangers incident to such a sudden occupation of the grounds and house by a multitude of people, many of whom, from the want of room, were unable to gain admittance to the hotel.

It must be admitted, that the defendant is not liable to the charge of negligence, by reason of anything which he did or omitted to do on this occasion. The veranda was apparently in a safe and secure condition, and there is not the least evidence that the defendant knew that it had not the strength to support the weight to which it was ordinarily subjected, when visited by the usual and customary number of guests in the hotel. The prop or support which was removed in 1877, had been out for more than a year when this accident happened, and in June, the same year, there was a large assemblage of persons on the veranda, and there was no sign or indication of its giving way, or of its strength, being insufficient, in consequence of the weight to which it was then subjected. The defendant was not instrumental in the least in convening a multitude of people near his house and grounds; and he had no reason to anticipate the situation which so suddenly occurred and induced the people, in such a hurried and reckless manner, to enter his house and occupy the verandas. As soon as the crowd came he and his servants did all that could reasonably have been done to preserve order among the people, and to notify them of the danger to which they were exposed by their own action.

It is common observation that such places are mostly used by guests of hotels for quiet and restful enjoyment. That it is very exceptional that any hotel is so quickly and completely overrun by a mass of visitors. There is a marked distinction between this case and the class of cases where the defendant has done an affirmative act by placing obstructions or digging pitfalls in the roads and places of resort to which the public have been by him invited.

The case is not unlike *Southcote* v. *Stanley* (1 Hurlst. & Norm., 247). There the declaration alleged that the defendant was possessed of a hotel, into which he had invited the plaintiff to come as a visitor, in which there was a glass door which it was necessary for the plaintiff to open for the purpose of leaving the hotel, and which the plaintiff by the permission of the defendant, and with his knowledge and without any warning from him, lawfully opened for the purpose aforesaid as the door was in a proper condition to be opened, nevertheless by and through the mere carelessness, negligence and default of the defendant, the door was then in an insecure and dangerous condition and unfit to be opened, and by

reason of the said door being in such an insecure and dangerous condition, and of the then carelessness, negligence, default and improper conduct of the defendant in that behalf, a large piece of glass fell from the door and wounded the plaintiff. The defendant demurred, and it was held the declaration disclosed no cause of action. The demurrer was sustained, the decision being placed upon the ground that no act of omission was alleged against the defendant, and that the case as stated did not disclose a breach of duty by the defendant.

Justice BRAMWELL is his opinion remarked: "I agree * * * that where a person is in the house of another, either on business or for any other purpose, he has a right to expect that the owner of the house will take reasonable care to protect him from injury; for instance, that he will not allow a trap door to be open through which the visitor may fall. But in this case my difficulty is to see that the declaration charges any act of commission. If a person asked another to walk in his garden, in which he had placed spring-guns or man-traps, and the latter, not being aware of it, was thereby injured, that would be an act of commission."

The case of *Camp* v. *Wood* (76 N. Y., 92), cited by the respondent and relied upon as an authority in support of his position, does not seem to be in point. There the plaintiff sustained an injury by falling from a piazza erected on the side of the defendant's hotel, the same being six feet wide and twelve feet above the sidewalk, and was reached by a door which opened out upon it from the second story of the house. There was no guard or railing to the piazza. The plaintiff was a guest in the house that night, attending a dance for which he paid an entrance fee, and remained one of the company until about eleven o'clock in the evening, when he left for home. It being a dark night he mistook the veranda for the front stoop or platform to the house which led to the first floor of the hotel. The distinction between that case and this being, that in the case cited the plaintiff was a guest of the house, and the place where he was injured was in the nature of a snare or pitfall having no proper or suitable guard, and for that reason accidents of that character might reasonably have been anticipated and should have been guarded against, and it was held to be negligence in the landlord not to do so. Where the owner of land expressly or by

implication entices a person to go on his land, he cannot permit anything in the nature of a snare to exist thereon which results in the injury of the person who avails himself of the invitation, and who at the time is exercising ordinary care, without being answerable for the consequences.

The case of *Corby* v. *Hill* (4 C. B. [N. S.], 556 [93 Eng. Com. Law, 554] ), illustrates this rule. There the facts were: The owner of land upon which was a private road leading to an asylum on his premises for the use of persons going there, gave permission to a third person to place material on the road. The servant of the plaintiff in the night time while driving his master's horse over this road on his way to the asylum, and using due care, ran upon and against the material placed in the way by defendant's permission, and the horse was injured. The defendant was held to be liable, and COCKBURN, C. J., said: "The proprietors of the soil held out an allurement whereby the plaintiff was induced to come upon the place in question; they held out this road to all persons having occasion to proceed to the asylum as the means of access thereto. Could they have justified the placing an obstruction across the way whereby an injury was occasioned to one using the way by their invitation? Clearly they could not."

It will be observed that there the defendant the owner of the soil was guilty of an act of commission. It is usual and proper in most cases of alleged negligence to submit the question in dispute to the jury for their determination, but in this case there is no dispute about the controlling facts and circumstances, and to my mind it would be unjust to the defendant and an unreasonable deduction to make from the facts to charge the defendant with being guilty of a breach of duty which he owed the plaintiff, and the motion for a nonsuit should have been granted. It is therefore unnecessary to consider the exceptions which were taken to portions of the charge and to some of the evidence given by the plaintiff.

The judgment should be reversed, new trial granted, costs to abide the event.

Present — SMITH, P. J., HARDIN and BARKER, JJ.

Judgment and order reversed and new trial ordered, costs to abide event.