Daniels, J.
The plaintiff was employed by the defendant as janitress of the building No. 129 West One Hundred and Twenty-ninth street, in the city of New York. It was-let out in apartments and occupied by different tenants.. By the terms of her employment she was at liberty, to perform services for the tenants whenever it might be desired by them, and on the day in question she was engaged in washing for Mrs. Dishow, the wife of a tenant of part of the premises. The plastering fell from the ceiling, striking- *221 her upon her head and shoulders, and as the evidence tended to establish the fact, inflicted serious injuries upon her. In this action damages were claimed from the defendant as the landlord of the premises, who was obligated to keep them, in repair. This accident occurred on the 23d of March, 1885, and either in the last of February or the first week of March, the defendant’s attention was called to the •condition of the plastering, which at that time had become badly cracked and somewhat threatening. Evidence was given of the fact that he then stated that he would have the plastering attended to right away, although he did not at the time consider it to be dangerous. But he gave the subject no further attention until after the happening of the accident. The evidence concerning these facts was such as to support the inference that the building was either the defendant’s property, or in his possession and under his control as the landlord, and that there were indications in the ceiling that the plastering was in an infirm condition, requiring attention to render it safe, and that the obligation of keeping it in reasonable repair was upon him and not upon the tenant.
Under this evidence, if the facts were as it indicated the case to be, he was chargeable with carelessness, resulting in the production of this injury to the plaintiff. And as she was rightly upon the premises, she had the legal right to look to him for redress, provided she herself was not chargeable with want of care in exposing herself to the risk of the accident. For the legal rule has been stated to be that “if a landlord lets premises, and agrees to keep them in repair, and he fails to do so, in consequence of which any one lawfully upon the premises has been injured, he is responsible for his own negligence to the party injured.” Edwards v. New York and Harlem Railroad Company, 98 N. Y., 245, 248, 249.
That the plaintiff could not as a legal conclusion from the facts be chargeable with negligence herself in pursuing her occupation in the room under the cracked plastering, seems to follow to some extent at least from the judgment •expressed by the defendant, as the result of his observation as to the condition of the plastering “that it was no cause for alarm ” and was not at that time dangerous. Besides that, it appeared from the testimony of the plaintiff that her eyesight was somewhat defective, preventing her from fully discovering the condition in which the plastering appeared to be. Whether she was heedless, or careless in exposing herself to the chance of such an accident from the falling of the plastering was, under the evidence, a fair question of fact for the decision of the jury.
That is the view which has been adopted and followed *222 in other cases involving this inquiry, and by following them this course should have been taken at the trial. Camp v. Wood (76 N. Y., 92); Belton v. Baxter (58 id., 411, 415), where it was declared that “if the evidence is conflicting is cajiable of different interpretations, or the inferences to' be drawn from it are doubtful, it is the province of the jury to pass upon it.”
Upon each of the vital inquiries in the case, it was one-' for the jury and not for the court. The judgment should be reversed and a new trial ordered, with costs to abide the event.
Van Brunt, P. J., and Brady, J., concur.