Final and interlocutory judgment affirmed, with costs.

---

MARY E. AKERLEY, RESPONDENT, *v.* LEWIS B. WHITE, APPELLANT.

*Landlord and tenant — injury to the tenant from defective stairs — liability of the landlord.*

In an action brought by a tenant to recover the damages resulting from an injury received by him through the alleged defective condition of the stairs in the demised premises, the jury were charged that if the stairs at the time of the letting were weak, to an extent that could be easily ascertained upon inspection, a verdict might be rendered against the landlord.

*Held*, that this charge would impose upon the owner of real property the duty of active vigilance to see whether the premises he was about to rent were in good condition, and was erroneous,

That the law imposed upon the tenant the risk of such defects in the demised premises as were visible upon inspection.

APPEAL by the defendant Lewis B. White from a judgment of the Supreme Court, entered in the office of the clerk of the county of Dutchess on the 12th day of June, 1890, in favor of the plaintiff, with notice of an intention to bring up for review upon such appeal an order denying a motion for a new trial, made on the minutes of the court on the 12th day of June, 1890, and entered in said clerk's office.

The cause was tried before the court and a jury at the Dutchess County Circuit, and a verdict was rendered in favor of the plaintiff for the sum of $5,000 for damages for injuries sustained by the plaintiff in falling down a cellar stairs in a house owned by the defendant, and leased by him to the plaintiff's father, the said stairs being claimed to have been out of repair.

*E. A. Brewster*, for the appellant.

*H. A. Nelson*, for the respondent.

Pratt, J.:

The general rule of law is, in *Robbins* v. *Jones* (15 C. B. [N. S.], 221), said to be: "A landlord who lets a house in a dangerous condition is not liable to the tenant's customers or guests for accidents happening during the term; for, fraud apart, there is no law against letting a tumble-down house, and the tenant's remedy is upon his contract, if any."

The same rule was held in *Jaffe* v. *Harteau* (56 N. Y., 398), and we think must be regarded as settled law.

An apparent exception has been engrafted upon the rule to the effect that where a landlord retains in his control a portion of the building, he owes a duty in respect to such portion to the people who, with his consent, come upon the premises. (*Camp* v. *Wood*, 76 N. Y., 92.) But we are not aware of any rule, where a whole building is rented to a single tenant, which imposes upon a landlord the duty of active vigilance to make sure that it is in all respects safe.

Where the defects are apparent upon inspection, and the landlord does not resort to any device or subterfuge to prevent the tenant from learning the condition of the premises, the rule of *caveat emptor* would seem to do justice between the parties.

A different rule seems to have been applied at circuit. The jury were charged that, if the stairs at the time of letting were weak to an extent that could be easily ascertained upon inspection, a verdict might be rendered against the landlord. This would impose upon the owner of real property the duty of active vigilance to see that the premises he is about to rent, in this instance a dwelling, are in good condition. We think the law puts upon the tenant the risk of such defects as are visible upon inspection.

From these views, it follows that the judgment should be reversed and a new trial ordered, costs to abide the event.

Barnard, P. J., concurred; Dykman, J., not sitting.

Judgment and order denying new trial reversed and new trial granted, costs to abide event.