(122 App. Div. 552.)

## DONOHUE v. BRAAF.

(Supreme Court, Appellate Division, First Department. December 6, 1907.)

NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

    In an action against the proprietor of a saloon for the death of a customer who fell down an elevator shaft on the premises, evidence held to show contributory negligence.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, § 274.]

    Laughlin, J., dissenting.

Appeal from Trial Term.

Action by Loretta M. Donohue, as administratrix of the estate of Thomas Donohue, deceased, against Charles Braaf. Appeal by defendant from a judgment in favor of plaintiff, and from an order denying a motion for a new trial. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Carl Schurtz Petrasch, for appellant.
George Gordon Battle, for respondent.

INGRAHAM, J. The plaintiff's intestate died as the result of injuries sustained by falling down an elevator shaft on the premises of defendant in the city of New York. The defendant was the proprietor of a hotel, in which there was a saloon on the ground floor. On Saturday, the 17th of March, 1906, between 11 and 12 o'clock at night, the deceased, with a companion, went to this saloon. After staying there about 15 or 20 minutes, they started to leave by the public entrance by which they had entered, when the barkeeper told them that the saloon was closed, and they would have to go out

through the rear of the building. The barkeeper then led the way towards the rear of the saloon, and opened a door through which the deceased and his companion passed, the barkeeper following them. This door entered into what was to be a dining room, but which was then being repaired. The deceased led the way into this room, followed by his companion and by the barkeeper, who appears to have been about 15 feet behind. Passing through this room, between the scaffolding and partitions in the course of erection, the deceased and his companion came to two doors, the approach to which was up two or three steps, and as to one of which the deceased's companion testified that it had the appearance of being an elevator door. This door was partly constructed of glass, through which a light was shining, while on the left of this door was an ordinary door. The door which had the appearance of being an elevator door opened directly to the north, while the other door opened towards the west. There was an electric light lighted in this room, and the deceased's companion testified that both doors were plainly visible. The deceased approached the door through which a light was shining with his head turned towards his companion, who was following, and talking and laughing with him. As he approached the door and put his hand upon it, the barkeeper shouted: "Don't go out that way." The deceased, however, in some way opened the elevator door, stepped into the elevator shaft, fell to the bottom, and was killed. An examination of this door disclosed that, although there was a hasp so constructed that if the hasp caught the door could be only opened from the inside of the elevator shaft, for some reason the hasp had not caught, and the door could be opened from the outside by pushing it to one side. The court submitted the question as to the defendant's negligence and the freedom of the deceased from contributory negligence to the jury, who found a verdict for the plaintiff.

I do not think there was evidence of the defendant's negligence. The door was not open. There was not such an absence of light that a person walking through this room could not see the situation. There was no invitation by the defendant to open the door and walk into the elevator shaft, and, as the elevator shaft was lighted, as soon as the door had been opened the fact that this was not a means of exit to the street must have been apparent. The defendant could not have anticipated that a person walking through this room would open this elevator door and walk into the elevator shaft, which was lighted and the danger of which was apparent. But, whatever may be said as to the defendant's negligence, it is quite clear that the deceased was guilty of contributory negligence. He approached a door which had the appearance of being the door of an elevator through which there was a light shining, opened the door with his head turned over his shoulder, so that he could not see where he was going, and stepped into a lighted elevator shaft without looking. The slightest attention to the door before he attempted to open it, or looking after he opened the door, and before he stepped in, would have apprised him of the situation and prevented the accident. Certainly nothing in the situation prevented the deceased from seeing where he was

going or distracted his attention in such a way as to excuse him from looking. If the deceased had shown the slightest care in examining the door he was about to enter, either before or after he had opened it, or had waited until he could have heard the warning of the bar-keeper who was following him, the accident would have been avoided. The evidence of the witnesses for the plaintiff and defendant was that there was plenty of light to see the two doors, and certainly, under such circumstances, a person was not justified in opening a door and walking through it without taking the slightest care to see what was on the other side.

The case of Camp v. Wood, 76 N. Y. 92, 32 Am. Rep. 282, is not at all in point. There the proprietor of a hotel rented a large room in the hotel for a ball, to which anybody paying the price of admission was admitted. On the way to the ballroom there was a door opening out on the top of an awning, which was unguarded. A person attending the ball started to go into the street, mistook this open door for the street door, walked through it, fell off the awning into the street, and was injured. A recovery in that case was sustained, upon the ground that it was negligence to leave a door which persons not familiar with the premises might in the nighttime mistake for the door into the street open. In this case the door was closed, and, for the deceased to go through it, it was necessary that he should open it, and, when he opened it and walked through without looking to see where he was going, when there was plenty of light for him to see, it is quite clear that the accident was the result of his negligence, for which neither he nor his personal representatives could recover.

It follows that the judgment and order appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event.

PATTERSON, P. J., and CLARKE and SCOTT, JJ., concur. LAUGHLIN, J., dissents.