No. 20,964.

ROBERT REDD, *Appellant,* v. THE WESTERN COAL & MINING COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

LANDLORD AND TENANT—*House Destroyed by Fire—Loss of Household Goods—Burden of Proof.* In an action by the tenant of a dwelling house to recover from his landlord the value of household goods burned when the house was destroyed by fire, which it is alleged resulted from the landlord's negligent failure to repair a defective condition of the premises according to his contract, it devolves on the plaintiff to prove that the fire resulted from the defective condition and failure to repair, and where no evidence is offered tending to show what caused the fire the action must fail.

Appeal from Crawford district court; ANDREW J. CURRAN, judge. Opinion filed November 10, 1917. Affirmed.

*F. B. Wheeler, G. M. Lewis,* both of Pittsburg, *Edwin A. Krauthoff, William S. McClintock,* and *Arthur L. Quant,* all of Kansas City, Mo., for the appellant.

*W. P. Waggener, G. L. DeLacy, Walter E. Brown,* all of Atchison, and *J. J. Campbell,* of Pittsburg, for the appellee.

The opinion of the court was delivered by

PORTER, J.: A tenant sued his landlord to recover the value of household goods burned when the dwelling house was destroyed by fire. The action was commenced before a justice of the peace, taken by appeal to the district court, where a demurrer to the plaintiff's evidence was sustained and judgment rendered against him for costs, from which he appeals.

It was claimed in the bill of particulars that plaintiff rented the house from one Jules Connelly, the authorized agent of the defendant, and that at the time of the renting plaintiff called the agent's attention to the condition of the ceiling in the house and the agent promised to repair the same. The bill of particulars alleged that the defendant neglected and failed to make the repairs as was specifically agreed by its agent, and that the chimney of the house was negligently constructed, "by the chimney hole being placed so near to the wooden ceiling and partition of said house; that same was entirely destroyed without the negligence of this plaintiff."

Quite obviously the demurrer was sustained because of the failure of plaintiff to offer any evidence tending to show that the fire which caused the destruction of the house resulted from any negligent act of the defendant. The only evidence with reference to the fire was that of the plaintiff, who testified as follows:

"I got home at about 12:30; my wife was there all alone. The house was completely burned down."

By the aid of liberal inferences, the bill of particulars may be said to set up the claim that there was a condition existing in the house which would be liable to cause a fire, in case there was a fire in the stove, but, so far as the record discloses, the fire which destroyed the house and burned the plaintiff's property might have been the result of any one of a number of causes wholly foreign to the alleged negligence of the defendant. All the evidence shows is that the house was destroyed by

fire, which might have been started by lightning, by sparks from a passing engine, or by spontaneous combustion of refuse in a cellar or garret. Some person may have set the building on fire, or it may have caught fire from the burning of other buildings near by.

In the brief of the plaintiff it is asserted that "there was no answer of any kind filed, and nowhere or at any time was there any denial" of the fact that "a fire resulted because of lack of repair." It is true that no answer or bill of particulars was filed on behalf of the defendant, and the defendant offered no evidence. It can not be said, however, that the failure to file an answer admitted the allegations of the plaintiff with respect to the cause of the fire. In the absence of any testimony tending in the slightest degree to show a connection between the defendant's failure to repair and the damages sustained by the plaintiff, there was nothing for the trial court to do but to sustain the demurrer.

The judgment is affirmed.