No. 21,744.

W. H. GILLARD, *Appellant*, v. T. B. HOFFMAN and T. V. DON-
NELL, *Appellees*.

### SYLLABUS BY THE COURT.

PERSONAL INJURIES—*Climbing Unstable Fire Escape—No Liability for
Damages*. The defendants placed on the roof of the one-story exten-
sion of their building a ladder reaching near to a window of the
third story, for use as a fire escape. The rooms of the third story,
which were leased to a tenant, were reached by means of a stairway.
The tenant's janitor, finding himself without a key to the door of
the rooms, undertook to gain access to them by means of the ladder.
The foot of the ladder slipped, causing him to fall and be injured.
*Held*, the defendants owed the janitor no duty to make the fire escape
safe for the use to which he appropriated it.

Appeal from Edwards district court; ALBERT S. FOULKS,
judge. Opinion filed October 12, 1918. Affirmed.

*W. E. Broadie*, of Kinsley, for the appellant.

*F. Dumont Smith*, of Hutchinson, and *A. L. Moffat*, of Kins-
ley, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages resulting from
personal injury. A demurrer to the petition was sustained,
and the plaintiff appeals.

The ground of the action was that the defendants main-
tained, as a fire escape from the third story of their building,
a ladder which rested on the roof of a one-story extension of
the structure, which leaned against the perpendicular brick
wall, and which reached a point near to a window of the third
story. The ladder was not secured, either at the bottom or
the top, in such a way as to prevent it from slipping. The
rooms of the third story were leased to a lodge, which em-
ployed the plaintiff as janitor. The lodge rooms were reached
by means of a stairway. On the occasion in question the
plaintiff, on going to his work, found the lodge-rooms door
at the head of the stairway locked, and, being without his key,
he undertook to gain entrance by means of the ladder. The

foot of the ladder slipped, and the plaintiff was precipitated to the roof on which the ladder stood and was injured.

Whatever might be said with reference to various other subjects discussed by counsel, it is sufficient to observe that the defendant's rested under no duty to make the fire escape safe for the plaintiff's use in his business as janitor. The ladder was not maintained for his benefit, but for the benefit of those who might need it as a means of escape from fire. The plaintiff was provided with a stairway. Finding himself without a key to the door of his rooms, he voluntarily misappropriated to his own use an instrumentality provided for the single purpose of meeting the extraordinary needs of a class of persons to which he did not belong. Because the defendants violated no duty owed to the plaintiff, they are not liable to him in damages for the consequences of the regrettable injury which he sustained. (*Express Co. v. Everest,* 72 Kan. 517, 522, 83 Pac. 817; *St. L. & S. F. Rly. Co. v. Payne,* 29 Kan. 166; *Clark v. Mo. Pac. Rly. Co.,* 35 Kan. 350, 11 Pac. 134; *Gibson v. Packing Box Co.,* 85 Kan. 346, 116 Pac. 502, and cases cited; *Denton v. Railway Co.,* 90 Kan. 51, 133 Pac. 558; *Walker v. Faelber,* 102 Kan. 646, 171 Pac. 605. See, also, Note, 9 L. R. A., n. s., 343; Note, L. R. A. 1915E 510; *McAlpin v. Powell,* 70 N. Y. 126.)

The judgment of the district court is affirmed.