No. 31,424

FRED A. KALLENBACH, *Appellant,* v. S. C. MANNE, MARIE E. MANNE et al., *Appellees.*

(28 P. 2d 746.)

Opinion filed January 27, 1924.

*Lee Vaughan, Jr., Blake A. Williamson* and *James K. Cubbison,* all of Kansas City, for the appellant.

*James P. Fox,* of Kansas City, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action for personal injuries. Judgment was for defendant. Plaintiff appeals.

At the time of the injury complained of plaintiff operated a restaurant in Kansas City, on Tenth street, about 100 feet north of the intersection of Central avenue and Tenth street. South of plaintiff's restaurant and facing on Central avenue is located a three-story business building owned by S. C. Manne and Marie Manne, his wife. The first floor of this building is divided by a stairway leading to the second floor. The west or corner room was occupied by a drug store. The east room was occupied by a grocery store. This store was owned and operated by Mr. and Mrs. V. L. Garringer. They leased the building from Mr. and Mrs. Manne. This action was brought against the Mannes and Garringers. The buildings on Tenth street, one of which was occupied by plaintiff, extended back east from Tenth street a little way past the corner room, which was occupied by the drug store. A cement walk had been constructed along the rear of the building occupied by plaintiff and the other buildings between it and the corner. This cement walk led to a door in the rear of the building occupied as a grocery store. Immediately below this rear door on the outside of the building and

extending north was the cellarway, which led to the basement underneath the grocery store. This cellarway was covered by two doors, one of which opened to the east and one of which opened to the west. In order for one to enter the store by the rear door it was necessary to walk over the cellar doors. The west cellar door was equipped with a heavy weight attached to a rope which ran through a pulley to facilitate opening it. There was an electric-light fixture on the outside of the building. This fixture was connected with the wiring of the house and was used for the purpose of lighting the rear-door entrance.

On the day of the injury, at about 6:15 in the evening, plaintiff left his restaurant by the rear door and walked to the rear door of the grocery store. The cellar doors were closed, and plaintiff walked over them and entered the store by the rear entrance. While plaintiff was in the store the west cellar door was opened by some person and allowed to remain open. When plaintiff started to leave the building by the rear door it had become dark and the electric light was not burning. When plaintiff stepped out of the rear door he stumbled into the open cellarway, fell about eight feet, and was injured. This suit followed. The petition alleged facts about as they have been set out here. At the trial an opening statement was made amplifying somewhat the allegations of the petition. At the close of the opening statement a motion was filed by defendants for judgment on the petition and opening statement. This motion was sustained as to the owners of the building and overruled as to the tenants. From that judgment this appeal is taken by the plaintiff. There is no appeal by the tenants.

It is the theory of plaintiff that Mr. and Mrs. Manne, directly or by implication, either invited or induced the plaintiff to go upon their property for the purpose of trading at the store, and that through long usage they had permitted their property to become devoted to public use; that they invited the public to use the premises and that plaintiff was their invitee; that by this invitation they owed those rightfully on the property the duty to warn of latent or concealed perils and to have their property in a reasonably safe condition; and that defendants failed to discharge this duty. Such a situation is set out in the petition except that the premises were in safe condition until some outside human agency intervened and caused the condition to exist which resulted in the injury. As the landlord provided the premises, they were safe.

Plaintiff had just walked over the cellar doors a few minutes before the injury and no harm resulted. So far as is pleaded no harm would have resulted had not some person, not under the control of the lessor, left the cellar door open.

This question was passed on in the case of *Frischberg v. Hurter*, 173 Mass. 22. There the plaintiff was injured by falling through a coal-hole in a sidewalk. In holding that the lessor of the building was not liable, the court said:

"Landlords are not obliged to see that the covers on coal-holes in premises which are in the occupation of a tenant are kept securely fastened, and we think that the cause of the accident in this case was the neglect of the tenant to fasten the cover, rather than the worn condition of the hole."

In *Kirby v. Newman*, 239 N. Y. 470, the court said:

"While the owner of a building who maintains an opening in the street in front of his premises unquestionably has a duty towards the public of reasonable care which he cannot transfer or delegate as long as he is in possession and control of the opening, yet he is not liable for the consequences to a stranger of the wanton or careless act of some other person not in his employ."

In the case of *Fehlhauer v. City of St. Louis*, 178 Mo. 635, the court considered the liability of the owner of leased premises for damages sustained by plaintiff falling through a cellar door that had been left open by a third party. The court said:

"Where the cellar door in a sidewalk in front of the demised premises was properly constructed and was in good condition at the time of the demise, and at the time a pedestrian fell through the open door, the only ground upon which the landlord can be held liable for the consequent injuries to the pedestrian is, that the cellar door was a nuisance *per se* in the ordinary use to which it was adapted and for which it was intended."

To the same effect is *Reynolds v. King*, 132 N. Y. Supp. 273, where the court held:

"Where a cellarway under the sidewalk was covered with iron doors, which were in perfect condition, and safe so long as closed, and the doors were under the control of a tenant, the owner was not liable for injuries received by a pedestrian because of the falling of the doors, which the tenant opened and left insecurely fastened."

See, also, *Dammeyer v. Vorhis*, 63 Ind. App. 427.

It will be seen that the weight of authority is that where the premises are in a reasonably safe condition and only become dangerous when some agency outside the control of the landlord has intervened, the landlord is not liable for the injuries sustained by an invitee of the lessee who is lawfully on the premises.

This action was brought against the tenants and the landlord. On the motion for judgment the trial court gave judgment for the defendant landlord and denied the motion of defendant, the tenant.

Before the motion to dismiss was filed the tenants had filed an answer in which they alleged that the person who left the cellar door open was the agent and servant of the landlord. It is argued by plaintiff that this allegation supplied the lack of such an allegation in the petition.

No statute or authorities are cited holding that an answer of one defendant is binding on another. We have concluded that the point is not good.

The judgment of the trial court is affirmed.

HUTCHISON, J., not sitting.