No. 34,818

BLANCHE DONALDSON, *Appellee*, v. GRACE G. KEMPER as an Individual and as Administratrix of the Estate of W. H. Kemper, Deceased, *Appellant*.

(106 P. 2d 1051)

Opinion filed November 9, 1940.

*J. J. Schenck* and *C. P. Schenck*, both of Topeka, for the appellant.

*Otis S. Allen, George S. Allen, Raymond Briman* and *Glenn Hamilton*, all of Topeka, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for damages for injuries alleged to have been sustained when plaintiff fell into a furnace pit in the basement of an apartment house owned and operated by defendant. Judgment was for plaintiff. Defendant appeals.

The petition alleged that defendant owned and operated an apartment house; that plaintiff was a tenant therein; that plaintiff was advised by defendant to burn some papers in the furnace; that defendant unlocked the furnace-room door and preceded plaintiff into it; that the furnace room was dark; that the furnace was set down in a depression below the level of the basement floor; that plaintiff

entered the furnace room, did not see the depression, fell into it and was injured.

The answer was a general denial and an allegation of contributory negligence on the part of plaintiff.

This case has been here before. (See *Donaldson v. Kemper*, 149 Kan. 330, 87 P. 2d 535.) At the former trial, the trial court sustained the demurrer of defendant to the evidence of plaintiff on the ground of contributory negligence on the part of the plaintiff. This court reversed that judgment and held that the question of contributory negligence should have been submitted to the jury.

When the trial, out of which this appeal arises, occurred, the jury found generally for the plaintiff and answered special questions. These questions and answers are as follows:

"1. Was the defendant guilty of negligence as claimed by the plaintiff? A. Yes.

"2. If you answer the foregoing question in the affirmative, then state of what such negligence consisted. A. For allowing plaintiff to enter furnace room without warning of conditions and existing dangers.

"3. Was the plaintiff guilty of negligence on her part which contributed to her injuries? A. Yes.

"4. If you answer the last foregoing question in the affirmative, then state of what such negligence consisted. A. Only in assuming that it was safe to follow the defendant into the furnace room.

"5. Was the furnace room so dark when the plaintiff entered that she could not see (*a*) any object in the furnace room, or (*b*) the pit in front of the furnace? A. (*a*) Yes. (*b*) Yes.

"6. Did the plaintiff after she entered the furnace room and at any time before she fell look towards the floor for the purpose of seeing or determining any unevenness in the floor? A. No.

"7. State whether the plaintiff saw or by the exercise of ordinary care for her own safety could have seen the depression in the floor before she stepped into the same. A. No."

The defendant moved the trial court to set aside the answers to questions 1, 2, 5 and 7 for the reason that they were not supported by the evidence, and for judgment on the special questions notwithstanding the general verdict. These motions were both denied. The plaintiff filed a motion to set aside the answer to question No. 3. This motion was sustained. Judgment was rendered for plaintiff. Hence this appeal.

It will be noted that the answer to the question which was stricken out was to the effect that the plaintiff was guilty of contributory negligence. In the opinion of this court when the case was here before, this court said:

"It is, of course, a fair talking point, and one which may appeal to a jury, that plaintiff herself was negligent in proceeding into the darkness after she lost sight of defendant; but this court holds that that point was exclusively for a jury to consider, and did not justify a disposal of this cause on a demurrer to plaintiff's evidence." (*Donaldson v. Kemper,* 149 Kan. 330, 333.)

We did not say in that opinion that plaintiff was not guilty of contributory negligence as a matter of law. What we said was that the question should have been submitted to a jury. The evidence was substantially the same at this trial as it was before except that this time the jury had the advantage of the evidence offered by defendant.

In view of these circumstances it would appear that the answer of the jury to the effect that plaintiff was guilty of negligence which contributed to the injury would have compelled a judgment for the defendant. The trial court, however, set aside this answer on the ground as stated in the journal entry that—

"The court does not believe said answer to be proper as a matter of law, and should not be allowed to stand when taken in consideration with the evidence and the law of the case, and the answers made by the jury to the other questions submitted."

This makes it necessary to examine the evidence and the other answers. We must assume that the jury was correctly instructed as to what constitutes contributory negligence, since no question is raised with reference to the instructions. The evidence was that plaintiff walked into the furnace room right after Mrs. Kemper; that it was "ordinarily dark." In answer to a question as to whether she could see Mrs. Kemper plaintiff testified that she supposed she could but she did not see her; that she took no precautions to keep from falling; that it was so dark she could not see Mrs. Kemper; that she took six or eight steps before she fell. Other witnesses testified as to the darkness.

The defendant testified that she did not lead plaintiff into the room at all, but merely opened the door and permitted plaintiff to enter.

We have concluded that there was evidence to warrant the jury in believing that plaintiff walked into the dark furnace room where she had never been before, and where she could not see any holes or depressions or obstacles and that she took a course of her own choosing while walking in the dark. If the jury did reach this conclusion then it was warranted in answering question No. 3 as it did answer it. If the plaintiff did enter the dark furnace room and

walk about in it on a course of her own choosing when she could not see any dangers that might lurk there, she was guilty of contributory negligence. (See *Kurre v. Graham Ship By Truck Co.*, 136 Kan. 356, 15 P. 2d 463, also *Hudson v. Church of Holy Trinity*, 250 N. Y. 513.) We note that in answer to the question, of what did plaintiff's negligence consist, the jury answered that it consisted of assuming that it was safe to follow defendant into the furnace room. This question and answer implies that the jury believed that plaintiff did follow defendant and the actual negligence consisted of following her in rather than the simple assumption that it was safe to do so.

The answers to the rest of the questions find that plaintiff entered the furnace room when it was so dark that she could not see any object in the furnace room or the pit; that she did not look towards the floor at any time while she was in the room before she fell and that by the exercise of ordinary care she could not have seen the depression before she stepped into it. These answers were all supported by the evidence. The evidence upon which they were based required the answer to question No. 3 that the jury made. It was error for the trial court to set this answer aside.

Once the answer to question No. 3 is permitted to stand, then the motion of defendant for judgment on the answers to special questions should have been sustained.

The judgment of the trial court is reversed with directions to enter judgment for the defendant.

ALLEN, J., not sitting.