Ken MARINO, Plaintiff,

v.

Julius SANDER, Esther Sander, and Johnston Coca–Cola Bottling Group, Inc., d/b/a Coca–Cola of Mid–America, Inc., Defendants.

Civ. A. No. 92–2159–GTV.

United States District Court,
D. Kansas.

Oct. 5, 1993.

Frank L. Austenfeld, Austenfeld & Austenfeld, Overland Park, KS and Sylvester James, Jr., Kenner & James, P.C., Kansas City, MO, for plaintiff.

Frederick K. Starrett, Lathrop & Norquist, Overland Park, KS, M. Joan Klosterman, James C. Morrow, Gordon N. Myerson and David M. Mayer, Myerson, Monsees & Morrow, Kansas City, MO, for defendants.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This is an action by plaintiff Ken Marino against defendants Julius Sander, Esther Sander, and Johnston Coca–Cola Bottling Group, Inc., d/b/a Coca–Cola of Mid–America, Inc. (Johnston), alleging that their negligence caused him to suffer physical injuries when he fell down a stairway in a building owned by the Sanders. The case is before the court on the following motions of the parties:

1. Defendants Julius and Esther Sanders' Motion for Summary Judgment (Doc. 73);

2. Defendant Johnston Coca–Cola Bottling Group, Inc.'s Motion for Summary Judgment (Doc. 94); and

3. Plaintiff's Motion to Supplement His Response to the Defendants Sanders' Motion for Summary Judgment (Doc. 102).

For the reasons stated in this memorandum and order, the motions are denied.

## I. THE SANDERS' MOTION FOR SUMMARY JUDGMENT

In this motion, defendants Julius and Esther Sander contend that summary judgment is appropriate on the negligence and negligence *per se* claims that plaintiff has asserted against them. The Sanders argue that (1) plaintiff's negligence claim must fail because the uncontroverted facts establish that the Sanders owed no duty to plaintiff, and (2) plaintiff's negligence *per se* claim

must also fail because plaintiff has failed to allege the violation of any statute upon which the negligence *per se* claim could be based.

### A. Summary Judgment Standards

 In deciding a motion for summary judgment, the court must examine any evidence tending to show triable issues in the light most favorable to the nonmoving party. *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied,* 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985). A moving party is entitled to summary judgment only if the evidence indicates "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine factual issue is one that "can reasonably be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

 The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be discharged by "showing" that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party, who "may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.*

### B. Factual Background

The pertinent uncontroverted facts established by the parties in accordance with D.Kan.Rule 206(c) are as follows:

Defendant Julius and Esther Sander owned the commercial building located at 7331 West 80th Street, Overland Park, Kansas. The second floor of the two-story building was used by Johnson County Alcoholics Anonymous (AA). No written lease concerning the second floor exists.[1] Julius Sander owns and operates Sander's Custom Tailoring on the west side of the same building. Five hundred dollars is paid to defendant Julius Sander by AA members each month.

Access to the second floor of the building is gained either from a front stairway or a back exterior stairway. The majority of those attending AA meetings on the second floor entered from the back stairway.

On April 26, 1990, two employees of defendant Johnston Coca–Cola Bottling Group, Inc., arrived at the premises to remove a vending machine from the second floor of the building. While attempting to lower the machine down the rear stairway, the loading dolly and vending machine slipped from their hands and fell to the bottom of the stairs, cracking the bottom three steps of the staircase. The employees filed a property damage report with defendant Johnston, and Johnston subsequently agreed to pay the costs of the repairs.

On May 5, 1990, subsequent to the stairs being broken but prior to their repair, plaintiff Ken Marino slipped and fell while exiting the second floor via the rear stairway. Plaintiff has now filed suit against defendants Julius Sander, Esther Sander, and Johnston Coca–Cola Bottling Group, Inc.

### C. Discussion

#### 1. Negligence Claim

In the first section of their motion for summary judgment, defendants Julius and Esther Sander argue that plaintiff's negligence claim against them must fail because under Kansas law and the uncontroverted facts of this case, the Sanders owed no duty to plaintiff upon which a negligence claim can be based. Plaintiff contends that the Sanders, as owners and landowners of the com-

---

**1.** The parties dispute whether the second floor of the premises was orally leased to AA by the Sanders.

mercial building where he was injured, owed him a duty to keep the access stairs in a reasonably safe condition.

 Under Kansas law, in order to submit a triable negligence claim, plaintiff must establish that: (1) the Sanders owed a duty to him, (2) a breach of that duty occurred, (3) plaintiff sustained damage, and (4) the damage was caused by the breach of duty. *Tersiner v. Union Pacific Rail Co.*, 740 F.Supp. 1519, 1524 (D.Kan.1990). In the present case, plaintiff contends that the Sanders' duty arises from their opening the second floor of their commercial building to the public, or, in the alternative, from their responsibility as landlords for common areas accessing premises leased by other tenants.[2] Defendants Sander contend that they orally leased the second floor of the building to AA, that the rear stairs are part of the leased area and not a common area, and that they thus had no duty to inspect the stairs for defects.

 The general rule in Kansas is that there is no liability upon a landlord, either to a tenant or to others entering the property, for defective conditions existing at the time of the lease. *Borders v. Roseberry*, 216 Kan. 486, 488, 532 P.2d 1366 (1975). The lessee, as the person in possession of the property, has the burden of maintaining the premises in a reasonably safe condition to protect persons who come upon the property. *Burch v. University of Kansas*, 243 Kan. 238, 241–42, 756 P.2d 431 (1988). However, the general rule of non-liability for landlords has been modified by six recognized exceptions. *Borders*, 216 Kan. at 488, 532 P.2d 1366. Those exceptions include: (1) undisclosed dangerous conditions known to lessor and unknown to the lessee; (2) conditions dangerous to persons outside of the premises; (3) premises leased for admission of the public; (4) parts of land retained in lessor's control which lessee is entitled to use; (5) where lessor contracts to repair; and (6) negligence by lessor in making repairs. *Id.* at 488–92, 532 P.2d 1366.

 Exception number four, also called the common areas exception, places upon a lessor "an affirmative obligation and duty to exercise reasonable care to inspect and make reasonably safe those parts of the premises retained in the lessor's control which the lessee and others lawfully upon the land with the consent of the lessee are entitled to use." *Burch*, 243 Kan. at 242, 756 P.2d 431 (quoting Restatement (Second) of Torts §§ 360 and 361). Kansas court have long recognized the duty of a lessor to keep common areas safe for tenants. *See e.g., Hinthorn v. Benfer*, 90 Kan. 731, 733, 136 P. 247 (1913). In *Trimble v. Spears*, 182 Kan. 406, 320 P.2d 1029 (1958), the Kansas Supreme Court extended the general rule requiring a lessor to exercise reasonable care to maintain common areas to include a duty to third persons invited by a tenant to the premises. Thus, it is irrelevant whether plaintiff was a member of AA and thus a tenant, or a guest of AA at the time of his injury. The rule of liability for common areas is not unlimited, however. "The landlord must be shown to have had actual or constructive knowledge of the defect causing the injury." *Burch*, 243 Kan. at 244, 756 P.2d 431.

In addition to the rules imposed by Kansas law on lessor/lessee relationships, Kansas law governs other situations where third parties are injured while on land owned by another based upon the traditional classifications of an injured party as trespasser, licensee, or invitee. *Bowers v. Ottenad*, 240 Kan. 208, 729 P.2d 1103 (1986); *Britt v. Allen County Community Jr. College*, 230 Kan. 502, 638 P.2d 914 (1982), *overruled on other grounds, Bowers*, 240 Kan. at 222, 729 P.2d 1103. In *Britt*, the Kansas Supreme Court summarized the rules of premises liability as follows:

> Under the present law of Kansas a trespasser is one who enters on the premises of another without any right, lawful authority, or an express or implied invitation or license. The possessor of premises on which a trespasser intrudes owes a tres-

---

**2.** Plaintiff also argues that other theories of landlord liability may apply in the present case. Because the majority of the parties' briefs discuss

the applicability of the common area rule, the court will primarily address that issue.

passer the duty to refrain from wilfully, wantonly, or recklessly injuring him.

A licensee is one who enters or remains on the premises of another by virtue of either the express or implied consent of the possessor of the premises, or by operation of law, so that he is not a trespasser thereon. The possessor of premises on which a licensee intrudes owes a licensee the duty to refrain from wilfully or wantonly injuring him.

Under the law in this jurisdiction a social guest has the status of licensee and his host owes him only the duty to refrain from wilfully, intentionally, or recklessly injuring him.

An invitee is one who enters or remains on the premises for the benefit of the inviter, or for the mutual benefit and advantage of both inviter and invitee. The possessor of premises on which an invitee enters owes a higher degree of care, that of reasonable or ordinary care for the invitee's safety. This duty is active and positive. It includes a duty to protect and warn an invitee against any danger that may reasonably be anticipated.

*Id.*, 230 Kan. at 503–04, 638 P.2d 914 (internal cites omitted).

At issue in this motion is whether the rules of landlord liability apply to the particular facts of this case, and if so, whether any duty is imposed on the defendants Sander. The parties dispute whether or not a lease was entered into between the defendants Sander and AA. Defendants argue that they had entered into an oral, month-to-month lease whereby AA could use the premises for their meetings so long as $500 per month rent was paid. Plaintiff argues that there was no lease in effect between AA and the Sanders because AA had no legal identity. If no lease was in effect, plaintiff contends that the premises must have simply been open to the public and the Sanders' duties to plaintiff would thus derive from his status as either a trespasser, a licensee, or an invitee on the property. The court infers from plaintiff's arguments that plaintiff contends he was an invitee to which a duty to protect or warn against any reasonably anticipated danger would have been owed by the Sanders. *See Britt*, 230 Kan. at 504, 638 P.2d 914.

The facts surrounding the so-called "lease" between the Sanders and AA are sketchy. The uncontroverted facts set out by the parties in their briefs relating to this motion establish only that five hundred dollars are paid to Julius Sander each month for the use of the second floor by AA members. Although the determination of whether a lease exists may be a legal question for the court to decide, the court need not decide whether or not a traditional, common-law lease was entered into between AA and the Sanders in order to determine the Sanders' duties in this case. In *Burch*, the Kansas Supreme Court extended the rule of landlord liability for common areas to situations where the traditional elements of a common-law lease may not exist. The court wrote:

We have carefully considered the issue and hold that, in the application of the common area exception under §§ 360 and 361 of the Restatement (Second) of Torts, the lessor/lessee relationship should be liberally construed to include factual situations where there is no traditional, common-law lease, but where land has been leased for a definite or indefinite period, no matter how great and small, by either written or parol lease, and irrespective of whether the statute of frauds requires the lease to be in writing.... The lessor/lessee relationship may be created by words or other conduct expressing consent by the lessor to the lessee's possession.

We are convinced that when the owner of property leases or rents a portion thereof to a number of tenants and retains possession and control of certain common areas to be used by all tenants, that factual situation creates a duty on the party of the owner of the property to maintain those common areas in a reasonably safe condition and to exercise reasonable care to carry out that duty.

*Burch*, 243 Kan. at 247–48, 756 P.2d 431.

In view of the Kansas Supreme Court's liberal application of the landlord's common areas exception to factual situations where a traditional written lease does not exist, the court concludes that the common areas ex-

ception to landlord non-liability would apply in the present case if the stairway where plaintiff fell is determined to be a common area, irrespective of whether the Sanders and AA had a formal written lease.

 The court is unable to find as a matter of law based upon the uncontroverted facts as established by the parties that the stairway where plaintiff fell is not a common area. Defendants argue that the stairway was used exclusively by AA members and is a part of the premises leased to them. Plaintiff contends that because the stairway was used by AA members and Julius Sander alike to access a vending machine area located at the top of the stairs, it qualifies as a common area over which the landlord retained control. Plaintiff has supported his contention with deposition testimony of Julius Sander wherein Sander states that he uses the rear stairway almost every day to access the vending machine upstairs. A genuine issue of material fact exists as to the control of the rear stairway at issue and defendants' motion for summary judgment must be denied.

Because the court has determined that genuine issues of material fact exist which preclude summary judgment on the issue of landlord liability, the court does not address the other arguments raised by plaintiff concerning the Sanders' liability if the premises are deemed to be open to the public. Additionally, the court does not address the applicability of the other *Borders* exceptions to landlord liability since the court has determined that genuine issue of material fact exist as to the use and control of the stairway by the defendants Sander.

## 2. *Negligence Per Se Claim*

 Plaintiff has also asserted a claim for negligence *per se* based upon defendants' alleged violations of the BOCA National Fire Prevention Code, which has been adopted by the City of Overland Park. Defendant contends this claim must be dismissed because plaintiff is unable to establish all its elements. In order to establish an actionable claim of negligence *per se*, plaintiff must show: (1) defendant violated an ordinance, regulation or statute; (2) the ordinance was designed or adopted to protect the class of persons in which the plaintiff is included and to protect against the risk of the type of harm which has in fact occurred as a result of its violation; and (3) the alleged violation proximately caused the plaintiff's injury. *Planes Transport of Kansas, Inc. v. King*, 224 Kan. 17, 578 P.2d 1095 (1978).

Defendant contends that (1) one of the code sections cited by plaintiff in his amended complaint was not in effect at the time plaintiff was injured, and (2) there is no evidence to indicate that defendants Sander failed to keep the rear stairwell in good repair as measured against the requirements of the other BOCA code sections cited by plaintiff. Plaintiff apparently does not contest defendants' argument that one code section cited in the complaint, Section F–109.2, is inapplicable to this case because it was not in effect at the time of the accident.

The other BOCA Code provisions at issue require that all means of egress be maintained in good working order per Section F–400.3, and that all stairways and fire escapes found to be in a state of deterioration or determined to be unsafe by a code official be repaired immediately per Section F–601.4. Plaintiff argues that the rear stairway was found to be defective in June, 1986, and was never completely repaired, as evidenced by a fire prevention notice number 86–6–17 indicating "the steps shall be replaced, they are weak and partially split." Defendant interprets the document as demonstrating that the noted violations concerning the rear stairway were brought into compliance within two weeks of the 1986 inspection. Plaintiff does not share that interpretation and argues that the document shows only that violations concerning a stairway railing were corrected, but that the steps themselves were not fixed.

Plaintiff argues that the deposition testimony of Chuck Thacker, Fire Chief for the City of Overland Park, constitutes additional evidence that the Sanders were in violation the BOCA Code at the time of the accident. The deposition testimony of Chuck Thacker relied upon by plaintiff is as follows:

Q: If there was a cracked step on the fire escape, like that listed in Exhibit No. 4, what portion of the BOCA National Fire

Prevention Code would it be in violation of?

A: It would be in violation of F–601.4, Section F–400.3, and Section 109.2.

The court concludes that there is a genuine issue of material fact as to whether the rear stairway steps were in violation of the BOCA code at the time plaintiff was injured. The deposition testimony of Chuck Thacker and the 1986 fire prevention notice constitute evidence that—although meager—is sufficient to preclude summary judgment on this claim. Further, the BOCA provisions would seem to impose responsibility for code compliance on the person or persons responsible for maintaining the stairs. Because the court has already determined that a genuine issue of material fact exists as to who controlled the rear stairway, this is an additional reason why summary judgment may not be granted on the negligence *per se* count. Defendants' motion is denied.

## II. DEFENDANT JOHNSTON COCA–COLA BOTTLING GROUP'S MOTION FOR SUMMARY JUDGMENT

Defendant Johnston Coca–Cola Bottling Group filed a motion for summary judgment (Doc. 94) on September 16, 1993. The deadline for filing dispositive motions as set forth in the most recent scheduling order entered in this case was July 1, 1993. No motion for leave to file the summary judgment motion out of time was received or granted by this court. Therefore, the motion is untimely and is summarily denied.

## III. PLAINTIFF'S MOTION TO SUPPLEMENT HIS RESPONSE

Plaintiff has filed a motion to supplement his response to the Sanders' motion for summary judgment (Doc. 102). Plaintiff apparently wishes to submit additional deposition testimony which has come to light since plaintiff filed his response. In light of the court's above ruling denying defendants Sanders' motion for summary judgment, the court sees no need to allow plaintiff to supplement his response. The motion is denied.

IT IS, THEREFORE, BY THE COURT ORDERED that Defendants Julius and

Esther Sanders' Motion for Summary Judgment (Doc. 73) is denied.

IT IS FURTHER ORDERED that Defendant Johnston Coca–Cola Bottling Group, Inc.'s Motion for Summary Judgment (Doc. 94) is denied.

IT IS FURTHER ORDERED that Plaintiff's Motion to Supplement His Response to the Defendants Sanders' Motion for Summary Judgment (Doc. 102) is denied.

**IT IS SO ORDERED.**